**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

MIQUEL CACERES JUAREZ,

A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

                      Petitioner,

    v.                                                               Case No. 11-C-713

JANET NAPOLITANO, Secretary,
Department of Homeland Security;
DAVID G. BETH,
Sheriff of Kenosha County, Wisconsin;
CAPTAIN PAUL J. FALDUTO, JR.,
Chief of Detentions, Kenosha County
Detention Center;
in their official capacities,

                      Respondents.

---

# DECISION AND ORDER

---

The Petitioner, Miguel Caceres Juarez ("Juarez") filed an application seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] According to the allegations of the application, Juarez, was granted withholding relief under the Immigration and Nationality Act ("INA") § 241(b)(3) and is prevented from being removed to his native county of Honduras. Juarez alleges that, despite being granted relief, the Government continues to unlawfully detain him, alleging that it is permitted to deport him to any alternative country that will accept him

---

[1] Juarez designated his initial filing as a petition for a writ of habeas corpus. However, §§ 2241 through 2243 refer to an application for a writ of habeas corpus, and this Court will do the same.

although it did not designate or raise any alternative country or counties during Juarez's removal proceedings. Juarez is currently being detained by Respondent, David G. Beth ("Beth"), the Sheriff of Kenosha Country, Wisconsin, at the Kenosha County Jail. Beth is holding Juarez at the request of Respondent, Janet Napolitano ("Napolitano"), Secretary, Department of Homeland Security ("DHS").

## Background

Juarez states that he is a gay Honduran male who faces continuous persecution in his native country due to his sexual orientation. (Pet'r Mem. 3.) He was granted a withholding of removal on July 12, 2011, which he states became final on July 14, 2011, by the Government's waiver of appeal on July 14, 2011. (*Id.* at 4.) He states that he requested release on July 14, 2011, in light of the immigration judge's order of relief, and because of threats from other detained immigrants based on his sexual orientation. (*Id.*) By telephone, the DHS denied his request for release. (*Id.*)

Juarez alleges that his continued detention to allegedly effectuate his removal to an undesignated third country, after he has been granted withholding or removal relief under § 241(b)(3) to the only country designated for removal during the removal proceedings, violates his constitutional, statutory and regulatory due process rights.

Although § 2241 is the substantive provision for the writ of habeas corpus, 28 U.S.C. §§ 2242 and 2243 set forth the procedure that a person must follow to bring an application and to obtain the relief of the writ. *See Robledo-Gonzales v. Ashcroft*, 342 F.3d 667, 672-73 (7th Cir. 2003). Specifically, the application for the writ "shall be signed and

verified by the person for whose relief it is intended or by someone acting on his behalf" and "shall allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over him and by virtue of what claim or authority, if known." 28 U.S.C. § 2242 ¶¶ 1-2. The court must then issue the writ or issue an order to show cause why the writ should not be granted. *See* 28 U.S.C. § 2243 ¶ 1. That document "shall be directed to the person having custody of the person detained." *Id.* ¶ 2.

No rules have been promulgated specifically for § 2241 applications. Rule 1 of the Rules Governing Section 2254 Cases in the United States District Courts states that the district court may apply any or all of the § 2254 rules to a habeas corpus petition not specifically covered by those rules. Civil Local Rule 9(a)(2) of this District also specifies that the Court may apply any of the Rules Governing Section 2254 Cases in the United States District Courts to an application for release from custody pursuant to 28 U.S.C. § 2241.

Mirroring § 2242's verification requirement, Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Court requires that a petition be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242. Juarez's application is signed and verified by his attorney and complies with that requirement.

Rule 2(a) also provides that the petition must name as the respondent the state officer who has custody of the petitioner. Juarez has named three individuals, in their official capacities, as respondents. However, he is in the physical custody of Beth. Therefore, the two other Respondents, Napolitano and Captain Paul J. Falduto, Jr., ("Falduto") Chief of

3

Detentions, Kenosha County Detention Center, are not proper respondents and are dismissed from this action.

Having addressed the foregoing, the Court reviews Juarez's application pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court. Rule 4 provides that the Court is to make a preliminary review and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Juarez is in custody pursuant to the detention he now challenges. He also raises an arguable constitutional claim. At this stage of the proceedings, this Court cannot conclude that the writ sought by Juarez should not issue or that the application is plainly without merit. Accordingly, the Court will require Beth to file an answer showing cause why the application should not be granted.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Pursuant to Rule 2 of the Rules Governing Section 2254 Cases in the United States District Court, Respondents Napolitano and Falduto **ARE DISMISSED** from this action;

**On or before September 19, 2011**, Beth **MUST FILE AN ANSWER** showing cause, if any, why this writ should not issue with respect to Juarez's application for a writ of habeas corpus. The answer should contain the information required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

4

**On or before October 11, 2011**, Juarez may file an traverse to the allegations of the answer submitted by Beth.

The Clerk of Court is **DIRECTED TO SERVE** the application, its supporting memorandum, and a copy of this order upon Beth; and, in accordance with Fed. R. Civ. P. 4(i), the Clerk of Court is directed to deliver a copy of the application, its supporting memorandum, and this order to the United States Attorney for this District or send a copy of the application, its supporting memorandum and this order to the civil process clerk at the United States Attorney's office; and to also send a copy of the application, supporting memorandum and order via registered or certified mail to the United States Attorney General in Washington, D.C., the United States Immigration and Customs Enforcement, and the United States Department of Homeland Security.

Dated at Milwaukee, Wisconsin this 17th day of August, 2011.

**BY THE COURT**

*s/ Rudolph T. Randa*
**Hon. Rudolph T. Randa**
**U.S. District Judge**