**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

MIQUEL CACERES JUAREZ,
A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

                **Petitioner,**

    v.                                                      Case No. 11-C-713

**DAVID G. BETH,**
**Sheriff of Kenosha County, Wisconsin;**

                **Respondent.**

---

## DECISION AND ORDER

---

On July 27, 2011, the Petitioner, Miguel Caceres Juarez ("Juarez") filed an application seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241,[1] challenging his continued detention by the United States which asserted it could deport Juarez, to any alternative country, other than his native country of Honduras, that will accept him despite the fact that it did not designate or raise any alternative country or counties during Juarez's removal proceedings. Juarez alleged that he was granted withholding relief under the Immigration and Nationality Act ("INA") § 241(b)(3) and is prevented from being removed to his native county of Honduras; however, the Government continues to unlawfully detain him. On August 17, 2011, following preliminary review pursuant to Rule Four of the Rules

---

[1] Juarez designated his initial filing as a petition for a writ of habeas corpus. However, §§ 2241 through 2243 refer to an application for a writ of habeas corpus, and this Court will do the same.

Governing Section 2254 Cases in the United States District Courts, this Court ordered the Respondent, David G. Beth ("Beth"), to file an answer to the application by September 19, 2011.

On September 15, 2011, Beth filed a suggestion of mootness as to the application due to Juarez's release from custody. Thereafter, Juarez filed an unopposed motion to dismiss without prejudice, citing no legal authority for his motion.

As noted in this Court's August 2011 Decision and Order, no rules have been promulgated specifically for § 2241 applications. However, Rule 1 of the Rules Governing Section 2254 Cases in the United States District Courts states that the district court may apply any or all of the § 2254 rules to a habeas corpus petition not specifically covered by those rules. Civil Local Rule 9(a)(2) of this District also specifies that the Court may apply any of the Rules Governing Section 2254 Cases in the United States District Courts to an application for release from custody pursuant to 28 U.S.C. § 2241. In addition, Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts provides that the Federal Rules of Civil Procedure may be applied to a proceeding under such rules to the extent that they are not inconsistent with any statutory provisions or the § 2254 rules.

*Garrett v. United States*, 178 F.3d 940, 942 (7th Cir. 1999) assumed, without deciding, that Rule 41(a)(1) of the Federal Rules of Civil Procedure applies in habeas corpus actions. Following the lead of *Garrett*, this Court will also apply Rule 41 to Juarez's motion to dismiss.

Rule 41(a)(1)(A) states in pertinent part "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Rule 41(a)(1)(B) further provides that "[u]nless the notice or stipulation states otherwise, the dismissal is without prejudice."

In this case, the United States has not filed an answer or a motion for summary judgment. Consequently, a notice of dismissal would have been sufficient to dismiss the action. Regardless, Juarez has filed an unopposed motion to dismiss the action without prejudice. Under the circumstances, the Court will grant his motion and dismiss the action without prejudice.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Juarez's motion to dismiss this action without prejudice is **GRANTED**; and

The Clerk of Court is **DIRECTED** to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 12th day of October, 2011.

**BY THE COURT**:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**